IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DANNY QUINONEZ on behalf of himself and others similarly situated, § § § *Plaintiffs*, § § § v. § § ALPHA AIR CONDITIONING, § HEATING & ELECTRICAL LLC, § § *Defendant*. § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED COLLECTIVE ACTION |

# COLLECTIVE ACTION COMPLAINT

## I.   SUMMARY

1.   Alpha Air Conditioning Heating & Electrical LLC (hereinafter, "Alpha Air"), an air conditioning and heating service provider, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of hours without paying all compensation due, thus depriving them of rightful compensation for their work that Alpha Air is legally obligated to pay.

2.   Plaintiff Danny Quinonez worked as a sheet metal helper for Alpha Air at its Granbury, Texas location and was damaged by its illegal policy or practice. Plaintiff was denied the compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former employees to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II.     JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq.*

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of Texas. 28 U.S.C. § 1391(b)(2).

## III.     THE PARTIES

5. Plaintiff Danny Quinonez worked as a sheet metal helper for Alpha Air in and around the Granbury, Texas area. He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff Quinonez's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former non-exempt employees who were employed by Alpha Air and improperly classified as "independent contractors" during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Alpha Air Conditioning, Heating & Electrical LLC is a Texas Limited Liability Company with a principal place of business at 403 Temple Hall Hwy Ste 7, Granbury, Texas 76049 that is engaged in commerce in the United States and is otherwise subject to the FLSA. Alpha Air employed Plaintiff within the meaning of the FLSA. Alpha Air may be served with process by serving its Registered Agent, Natalie Shellenberger at 515 Cleveland Road, Suite 10, Granbury, Texas 76049.

## IV.     BACKGROUND

10. Alpha Air provides maintenance and installation services for various types of heating, ventilation, and air conditioning systems to both residential and commercial customers.

Alpha Air also offers a variety of energy saving products, such as radiant barriers, fiber glass insulation, duct sealing, and insulation removal services.

11. Alpha Air provides its installation and maintenance-related services in and around the North Texas region. Upon information and belief, Alpha Air employs approximately 10 to 15 or more other employees similarly situated to Plaintiff to service its customers.

12. Plaintiff and the Class assisted in installing products related to Alpha Air's customers' air conditioning equipment. The Plaintiff and Class usually worked seven consecutive days, Monday through Sunday. Frequently, its employees worked approximately 55 hours or more per week.

13. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per workweek. However, Alpha Air did not pay Plaintiff and the Class overtime compensation at one and one-half times their regular rates for all hours worked in excess of 40 each week. Instead, Alpha Air misclassified Plaintiff and the Class as independent contractors. As a result, Alpha Air failed to properly compensate such employees under the FLSA.

### V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.  Alpha Air Failed to Properly Pay Regular and Overtime Compensation.*

14. Plaintiff worked for Alpha Air as a sheet metal helper, where he regularly installed various products related to air conditioning equipment for Alpha Air. During his employment, Plaintiff frequently worked seven consecutive days during a workweek, from approximately 8:00 a.m. until 5:00 p.m. or 7:00 p.m. In a typical workweek, Plaintiff often worked approximately 55 hours or more.

15. Alpha Air paid Plaintiff on a weekly basis at a regular rate of $15 per hour. However, Alpha Air paid Plaintiff straight-time only (no overtime) for all hours worked in excess of 40 hour per week, regardless of the number of hours suffered or permitted to work. Therefore, Alpha Air failed to properly pay Plaintiff overtime compensation, as required by the FLSA.

16. Although Alpha Air classifies its employees, including Plaintiff and the Class, as independent contractors, they are in fact employees. Such employees are hired by Alpha Air and are managed and supervised by Alpha Air supervisors. Alpha Air directs the employees' work, sets their shifts, and sets their compensation. Plaintiff and Members of the Class work or worked only for Alpha Air, and do/did not perform installation or maintenance related work for other entities or individuals while employed by Alpha Air.

17. Plaintiff and the Members of the Class do/did not provide a meaningful portion of the equipment necessary to perform their jobs.

18. Plaintiff and Members of the Class are paid based upon the hours that they work for Alpha Air. Plaintiff and Members of the Class worked for Alpha Air exclusively during their employment and did not have the opportunity to take other, non-Alpha Air installation jobs as would an independent contractor. Plaintiff's and the Class's schedules were/are set and controlled by Alpha Air.

19. The FLSA requires Alpha Air to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours per week. Alpha Air should have paid Plaintiff overtime compensation for at least 15 hours or more in a typical workweek, but Alpha Air failed to pay Plaintiff that amount.

20. By failing to pay Plaintiff as described above, Alpha Air has deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

### B. *Alpha Air Willfully Violated the FLSA.*

21. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying regular and overtime compensation to non-exempt employees like Plaintiff. Alpha Air failed to follow these rules when paying Plaintiff.

22. Alpha Air had a policy and/or practice of not paying its employees the proper rate for overtime they worked; instead Alpha Air paid them the regular rate for all hours worked, with no overtime premium for hours worked over 40 in a workweek as required under the FLSA.

23. Alpha Air knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff and the Class.

## VI.   COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff is aware that Alpha Air's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by Alpha Air and have similar air conditioning-related duties. The Members of the Class perform job duties similar to Plaintiff, namely providing installation and maintenance-related services for Alpha Air's customers.

25. As with Plaintiff, Members of the Class frequently worked seven consecutive days. Thus, the Members of the Class often worked approximately 55 hours or more per week.

26. As with Plaintiff, Members of the Class are paid weekly. Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff. As described above regarding Plaintiff, Members of the Class are improperly classified as independent contractors.

27. Alpha Air's failure to properly compensate Plaintiff and Members of the Class results from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Alpha Air to pay its non-exempt employees their regular rate, with no overtime premium, for all hours worked in a workweek, even for more than 40 hours in a workweek. As such, the Members of the Class are owed overtime compensation for precisely the same reasons as Plaintiff.

28. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former non-exempt employees who were employed by Alpha Air, improperly classified as "independent contractors" and/or paid their regular rate with no overtime premium for all hours worked during the three-year period preceding the filing of this Complaint.**

29. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

### VII. CAUSES OF ACTION

30. The preceding paragraphs are incorporated here by reference.

31. As set forth above, Alpha Air violated the FLSA with respect to Plaintiff and Members of the Class by failing to provide proper overtime pay for all hours worked in excess of 40 hours per week. 29 U.S.C. §§ 206, 207.

32. Plaintiff and Members of the Class are entitled to recover wages for all hours worked, including but not limited to overtime compensation at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

33. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

34. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216(b).

## VIII.   JURY DEMAND

35. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award them and Members of the Class judgment against Alpha Air Conditioning, Heating & Electrical LLC for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 1st day of December, 2016.            Respectfully submitted,

                                                           BAILEY PEAVY BAILEY COWAN
                                                           HECKAMAN  PLLC

                                               By:  /s/    Robert W. Cowan
                                                    Robert W. Cowan
                                                    Attorney-in-Charge
                                                    TX Bar No. 24031976
                                                    440 Louisiana Street, Suite 2100
                                                    Houston, Texas 77002
                                                    Telephone:  (713) 425-7100
                                                    Facsimile:  (713) 425-7101
                                                    rcowan@bpblaw.com