# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DANNY QUINONEZ, on behalf of** | § | |
| **himself and others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:16-cv-01092-O** |
| | § | |
| **ALPHA AIR CONDITIONING,** | § | |
| **HEATING & ELECTRICAL, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Plaintiffs' Motion for Discovery Sanctions (ECF No. 43), filed September 26, 2017. United States District Judge Reed O'Connor referred this Motion to the undersigned for hearing, if necessary, and determination or recommendation by Order entered on November 6, 2017. ECF No. 49. A sanction to strike the pleadings is dispositive in nature, and thus the undersigned can only give a recommendation on this Motion. *Cortis, Inc. v. CortiSlim Intern., Inc.*, 12-CV-0562-P, 2015 WL 5227816, at *3 (N.D. Tex. Sept. 8, 2015). After considering the pleadings, briefings, and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiffs' Motion for Discovery Sanctions (ECF No. 43).

## BACKGROUND

On December 1, 2016, Plaintiff Danny Quinonez, individually and on behalf of others similarly situated, brought this action against his former employer, Defendant Alpha Air Conditioning, Heating & Electrical LLC ("Alpha") for violations of the Fair Labor Standards Act resulting from inadequate compensation. ECF No. 1. A number of other former Alpha employees (together with Quinonez, the "Plaintiffs") later joined the action. ECF Nos. 15–17 and 21–25.

On August 3, 2017, Plaintiffs filed a Motion to Compel the Production of Documents, seeking Alpha's payment and time records for the Plaintiffs. ECF No. 26. Prior to the decision on this Motion, Defendant's counsel withdrew as his client was no longer paying his fees or communicating with him. ECF Nos. 30 and 35. On September 20, 2017, the Court granted Plaintiffs' Motion to Compel. ECF No. 42.

During this same period, Plaintiffs added Brandon Shellenberger and Natalie Shellenberger ("the Shellenbergers") as Defendants in the First Amended Original Complaint, which was filed on August 25, 2017. ECF No. 37. The Shellenbergers later filed for personal bankruptcy under Chapter 7 of the Bankruptcy Code, and Judge O'Connor stayed the lawsuit as to them by Order dated October 2, 2017. ECF No. 45. The lawsuit proceeds as to Alpha.

On September 26, 2017, Plaintiffs filed a Motion for Sanctions (ECF No. 43) with Brief in Support (ECF No. 44). Plaintiffs sought sanctions against Alpha because it had failed to comply with its discovery obligations. ECF No. 44 at 1. Specifically, Plaintiffs request that the Court strike Alpha's Answer and Affirmative Defenses (ECF No. 8). *Id.* at 3. Alpha has responded to neither the Motion to Compel nor the Motion for Sanctions.

## LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A) allows a district court to impose a variety of sanctions for not obeying discovery orders, including striking the pleadings in whole or in part. The purpose of these sanctions is to ensure the effectiveness of the discovery process. *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970); *see also* 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2281 (3d ed. 1998)). "A district court has 'broad discretion in all discovery matters', and 'such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)).

This broad discretion extends to the imposition of discovery sanctions. *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). Under Fifth Circuit precedent, sanction rulings that result in the entry of default judgment must meet two criteria: (1) the sanctioned party's discovery violation must be willful and (2) a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). The court "may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *Id.*

The record presents clear evidence of Alpha's refusal to comply with reasonable discovery requests and court orders. Plaintiffs requested production of payment and time records, which are central to a suit alleging inadequate compensation for hours worked. *See* ECF Nos. 1 and 26. Alpha did not respond to these discovery requests and refused to assist its attorney with production of records, as his communications with Plaintiffs' counsel show. ECF No. 44-1. According to Plaintiffs, Alpha has not responded to Plaintiffs' requests since August 10, 2017. ECF No. 44 at 2. Nor has it responded to Plaintiffs' motions or this Court's orders concerning the motions since that time. And this is despite the fact that the Shellenbergers, who own Alpha, were present in the courtroom for the hearing held by Judge O'Connor on August 24, 2017, concerning the Motion to Withdraw filed by Alpha's counsel. ECF No. 44 at 3. As a result, Plaintiffs credibly claim that they are hindered in their ability to prepare for trial. ECF No. 44 at 3.

The undersigned therefore recommends that Judge O'Connor strike Alpha's pleadings pursuant to Rule 37(b). This sanction, which could result in default judgment, fits the Fifth Circuit criteria for such a serious sanction. First, Alpha's conduct is willful. It has repeatedly been informed of its discovery production deficiencies but has not complied or entered a response of any kind, even to Plaintiffs' Motion for Sanctions. Second, there is no lesser appropriate sanction that could compel discovery production in this case, as Alpha has entirely abandoned participation

3

in this case. *See $49,000 Currency*, 330 F.3d at 378–79 (finding that there was no sanction less than default judgment where the parties did not respond to a motion to compel or an order to provide discovery). Striking the pleadings is an appropriate sanction in this case.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiffs' Motion for Discovery Sanctions (ECF No. 43) and strike the Answer of Defendant Alpha Air Conditioning, Heating & Electrical LLC (ECF No. 8).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed November 27, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4